NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1504
_____

UNITED STATES OF AMERICA

v.

ZACHARY BOSH,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-21-cr-00439-001
Chief District Judge: Honorable Mark R. Hornak
_____

Submitted under Third Circuit L.A.R. 34.1(a)
April 17, 2024

Before: HARDIMAN, SMITH, and FISHER, *Circuit Judges*

(Filed: April 19, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge*.

Zachary Bosh entered an open plea of guilty to production of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2251(a). The District Court imposed a sentence of 210 months of imprisonment and a lifetime term of supervised release. Bosh appeals his sentence, specifically the imposition of the lifetime term of supervised release. We will affirm.[1]

Bosh contends that the Court erred because it did not provide an explanation as to why a lifetime period of supervised release is "sufficient but no more than necessary to fulfill the purposes of sentencing." Bosh Br. at 5. Because Bosh did not object after the Court imposed its sentence, we review for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc).

After reviewing the sentencing colloquy, we conclude that the District Court committed no error, plain or otherwise. The sentencing colloquy, which thoroughly complied with the requirements of Federal Rule of Criminal Procedure 32, belies Bosh's argument. Before pronouncing sentence, the District Court advised that the sentence to be imposed "is to be sufficient to fulfill the purposes of sentencing, but at the same time, it should not be greater than necessary to do that." A78. After identifying several of the purposes of sentencing, *see* 18 U.S.C. §§ 3553(a)(2)(A), (B), and (C), the District Court stated that, upon release from prison, Bosh would "still be a young man." A82. With

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

2

that in mind, the Court then explained that a life term of supervised release would deter both Bosh and others from engaging in similar conduct. And the Court further declared that the period of supervision "is both necessary and sufficient to adequately protect the public." A84. Before addressing the other conditions of his term of supervised release, the District Court added that the evidence of record showed that "there's a real and substantial risk of danger to the community and to other people, particularly minors, that can only be mitigated, reduced, [or] addressed . . . by supervision." A89-90.

In short, the sentencing transcript confirms that the District Court thoughtfully set out its reasons for imposing a lifetime term of supervised release. We see no basis for disturbing the District Court's judgment. We will affirm.